**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KENNETH KOBOBEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-02411 |
| | § | |
| CITY OF HOUSTON, TEXAS, et al., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion to dismiss filed by defendants the City of Houston, Texas (the "City"), and Richard Nordquist (collectively, "Defendants"). Dkt. 3. Plaintiff Kenneth Kobobel has not filed a response to the motion to dismiss. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED and that Kobobel's claims against the Defendants should be DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Kobobel alleges that he was working on his property with two other men on August 22, 2011, and Houston police officer J.E. Coneley came onto the property and asked Kobobel his name and whether he had a weapon. Dkt. 1. Kobobel allegedly responded and answered that he did not have a weapon, at which point Coneley allegedly ordered Kobobel to put his hands behind his back and then put handcuffs on him. *Id.* Kobobel allegedly asked Coneley if he had a warrant, and Coneley allegedly stated that he did not need a warrant and threw Kobobel into a cement wall and then onto the ground. *Id.* Kobobel asked why he was being arrested, and Coneley allegedly responded that Kobobel was being arrested for resisting arrest. *Id.* Kobobel alleges that the handcuffs were so tight that it stopped the circulation in his hands. *Id.* Coneley took Kobobel to jail and allegedly left

Kobobel's property unlocked and unprotected. *Id.* While Kobobel was in jail, thieves allegedly stole

$12,000 worth of tools and supplies from Kobobel's property. *Id.* Kobobel asserts that when the

charges were presented in criminal court, the "prosecutor promptly dismissed such vile, evil baseless

charges." *Id.*

Kobobel contends that the City then "continued its reign of terror" on him by sending

defendant Richard Nordquist to charge Kobobel with erecting a fence on his property and failing to

remove it within three days of the demand to remove it. *Id.* Kobobel asserts that the City charged

him twenty-seven times for the same fence, "all for the purposes of punishing Plaintiff." *Id.*

Kobobel contends that he did not need a permit to build the fence. *Id.*

On August 16, 2013, Kobobel filed this lawsuit. *Id.* He alleges that the City, Coneley, and

Nordquist violated his Constitutional Rights under the Fourth, Fifth, and Fourteenth Amendments

of the United States Constitution, by arresting him without a warrant or probable cause and depriving

him of his property. *Id.* He seeks $100,000 because he "was physically and unlawfully abused

requiring medical attention and still suffers for such abuse today." *Id.* He also seeks $12,000 for

the property that allegedly was stolen as a result of his arrest and leaving the property unlocked, and

he seeks $27,012,000, plus all costs of court, for his suffering due to Defendants' alleged intentional

infliction of emotional distress. *Id.*

Defendants assert that Coneley has not been served. Dkt. 3. The City and Nordquist move

for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that (1) Kobobel fails

to assert a claim against the City because he has not identified an official policy or custom that

caused him to be deprived on a constitutional right; and (2) Kobobel fails to assert a claim against

Nordquist because he fails to identify a life, liberty, or property interest of which he was deprived

by Nordquist's actions. Dkt. 3. Kobobel failed to respond to the motion to dismiss.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Coneley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959.

## III. ANALYSIS

Kobobel is pro se, and it is not entirely clear from his complaint which claims he intends to assert against which defendants. Kobobel asserts claims for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Dkt. 1. Kobobel alleges that Coneley violated Kobobel's Constitutional rights by physically and unlawfully abusing Kobobel and forcibly arresting Kobobel without probable cause and that Coneley also deprived him of his property by

leaving his property unprotected when Coneley unlawfully arrested Kobobel.  *Id.*  Kobobel also claims that the City, or perhaps Nordquist, violated his Fourth, Fifth, and Fourteenth Amendment Rights "by setting out on a plan to harm or punish Kobobel by charging him with the same offense over and over, numerous times for the same offense, again and again at least 29 times, all for not having obtained a building permit for a fence that did not require a permit."  *Id.*

Kobobel did not assert his claims for violations of the Constitution pursuant to 42 U.S.C. § 1983.  A plaintiff asserting Constitutional claims must invoke 42 U.S.C. § 1983.  *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); *Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) ( noting that "Congress has provided a means of seeking relief against state officials who violate the Constitution" through 42 U.S.C. § 1983 and that the appellant's complaint, which failed to invoke § 1983, was "fatally defective").  The requirement to plead these claims under § 1983 is not merely a pleading formality.  *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002), *partially abrogated on other grounds*.  Kobobel's Constitutional claims necessarily fail because he failed to invoke § 1983.

However, even if Kobobel had asserted his claims against Defendants pursuant to § 1983, his claims fail.  A plaintiff states a prima facie case under section 1983 for the deprivation of civil rights if he alleges "first, that [the plaintiff was] deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law."  *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).  In order to state a section 1983 claim against a municipality, a plaintiff must allege that his or her deprivation of Constitutional rights was the result of an official policy or firmly entrenched custom.  *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91, 694, 98 S. Ct. 2018 (1978); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989).

> The "official policy" requirement may be met in at least three different ways: . . . (1) When the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. . . ; (2) Where no "official policy" was announced or promulgated but the action of the policymaker itself violated a constitutional right. . . . ; and (3) Even when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. . . .

*Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) (citations, quotations, and alterations omitted). "To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policymakers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996).

Here, the City argues that Kobobel has failed to assert a section 1983 claim against the City because he fails to state how the City played a part in any alleged violations. The court agrees. Kobobel has not alleged that the alleged Constitutional violations were the result of any official policies or customs; in fact, he does not assert anything at all about an official policymaker. Kobobel has thus failed to state a claim against the City.

With regard to Nordquist, Defendants first note that Kobobel fails to indicate whether he is suing Nordquist in his individual or official capacities. Dkt. 3. Defendants next assert that, regardless, it appears Kobobel is suing Nordquist for an alleged violation of the Due Process Clause. *Id.* The Fourteenth Amendment prohibits states from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Defendants assert that Kobobel fails to

assert a deprivation of a life, liberty, or property interest with regard to Nordquist's actions.

The court finds that Kobobel's complaint does not state a claim against Nordquist because even if Kobobel had invoked § 1983, it is entirely unclear from the complaint what provision of the Constitution Kobobel alleges Nordquist violated.  Kobobel asserts that the City sent Nordquist to charge Kobobel with erecting the fence and that the City then proceeded to charge Kobobel twenty-seven more times for the same offense. Dkt. 1.  Kobobel then asserts that *the City* refused to give him a copy of the charges against him in violation of the Due Process Clause.[1]  *Id.*  It appears from the complaint that the only thing Nordquist did was go deliver tickets for violations of municipal ordinances at the bequest of the City.  Because it is not clear from the complaint what Constitutional provision Kobobel alleges Nordquist violated, and because, regardless, Kobobel did not assert the claim pursuant to § 1983, Kobobel fails to assert a claim for which relief can be granted against Nordquist.

---

[1]  Notwithstanding Kobobel's assertion that he was not informed of the charges against him, Kobobel attaches a list of the charges to his complaint.  Dkt. 1, Ex. A.

## IV. CONCLUSION

The court finds that Kobobel fails to state a claim for which relief can be granted against both the City and Nordquist.  However, Kobobel is a pro se litigant, and generally pro se litigants are offered leave to amend before a complaint is dismissed.  *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).  The court therefore GRANTS Defendants' motion to dismiss the claims against the City and Nordquist, but it DISMISSES the claims WITHOUT PREJUDICE.  Kobobel may amend his complaint to invoke § 1983 and to reassert his claims with more detail as to (1) whether the City has an official policy or custom that was the moving force behind the alleged Constitutional violations; and (2) which Constitutional provisions Nordquist allegedly violated and how.  If Kobobel intends to amend his complaint to reassert these claims, he must do so within thirty days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on December 4, 2013..

_____
Gray H. Miller
United States District Judge